UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARSTAVOS WOODS,

                Plaintiff,

-vs-                                        Case No. 8:05-cv-1047-T-24MSS

CHIEF CIRCUIT COURT JUDGE VICTOR J. MUSLEH; CIRCUIT COURT JUDGE JACK SPRINGSTEAD; CIRCUIT COURT JUDGE RICHARD TOMBRINK, JR.; ASSISTANT STATE ATTORNEY BRAD KING; ASSISTANT STATE ATTORNEY PATRICIA MCCARTHY; ASSISTANT STATE ATTORNEY N. KLAPKE,

                Defendants.
_____/

## **ORDER**

      Pro se Plaintiff filed a Civil Rights Complaint pursuant to 42 U.S.C. § 1983. Because Plaintiff is a prisoner seeking redress from governmental officers and employees, this Court has undertaken a prompt review of his complaint as required by 28 U.S.C. § 1915A. After doing so, the Court concludes that the complaint must be dismissed for lack of subject matter jurisdiction.

      Plaintiff complains that the Defendants violated his constitutional rights with regard to the denial of a motion to correct illegal sentence which Plaintiff filed as a petition for writ of error coram nobis to vacate an "unlawful adjudication of guilt, judgment and sentence" in Case No. 91-01-CF. Previously, Plaintiff's motions to correct illegal sentence had resulted in the entry of an order prohibiting him from filing any further pleadings in that case. His attempts to overturn that ruling on appeal were unsuccessful. See Woods v.

State, 719 So. 2d 917 (Fla. 5th DCA 1998)[Table]. Plaintiff now seeks relief from this Court under section 1983 in the form of monetary damages.

### Judicial Immunity

Plaintiff names several judges as Defendants. However, judges acting in their judicial capacity are absolutely immune to claims for damages under § 1983. See McNamara v. Moody, 606 F.2d 621 (5th Cir. 1979), cert. denied, 447 U.S. 929 (1980); Humble v. Foreman, 563 F.2d 780 (5th Cir.), reh'g denied, 566 F.2d 106 (5th Cir. 1977) (en banc), and overruled in part by Sparks v. Duval County Ranch Co., Inc., 604 F.2d 976 (5th Cir. 1979). Further, "[a] judge is absolutely immune from suit in performing his judicial responsibilities." See Sun v. Forrester, 939 F.2d 924 (11th Cir. 1991), cert. denied, 112 S.Ct. 1299 (1992). Therefore, Plaintiff's claims against the judges listed as Defendants are dismissed.

### Prosecutorial Immunity

Plaintiff also names several prosecutors as Defendants. Prosecutors are immune from a civil suit for damages for alleged deprivations of Plaintiff's constitutional rights under 42 U.S.C. § 1983. See Imbler v. Pachtman, 424 U.S. 409 (1976). Therefore, Plaintiff's claims against the prosecutors [Assistant State Attorneys] listed as Defendants are dismissed.

### Rooker-Feldman Doctrine

Furthermore, it appears that Plaintiff seeks to have this Court review the final judgment of the state court as to its March 3, 2005, ruling on Plaintiff's motion to correct illegal sentence. (See Complaint, page 9, ¶ 25). The law is well-established in the federal

system that a federal court, other than the United States Supreme Court, has no authority to review the final judgments of state courts.  See Goodman v. Sipos, 259 F.3d 1327, 1332 (11th Cir. 2001).  This doctrine, known as the Rooker-Feldman doctrine, "places limits on the subject matter jurisdiction of federal district courts and courts of appeals over certain matters related to previous state court litigations."  Id.   It appears from the allegations in the complaint that Plaintiff Woods wants this Court to review the judgments made by the state trial and appellate courts and to overturn those judgments.  (See Complaint, page 2, A; page 5, H).  This Court does not have the subject matter jurisdiction to do so.

Accordingly, the Court orders:

1. That Plaintiff's complaint is dismissed, with prejudice.  The Clerk is directed to enter judgment against Plaintiff and to close this case.

2. That Plaintiff's motion for leave to proceed in forma pauperis (Doc. No. 2) is denied.  Plaintiff is assessed the $250.00 filing fee.  The Clerk is directed to send a copy of this order to Inmate Accounting,1711 Mahan Drive, Tallahassee, FL 32308 Attention: Jeffrey R. Straley, Professional Account Supervisor.

ORDERED at Tampa, Florida, on June 8, 2005.

SUSAN C. BUCKLEW
United States District Judge

Carstavos Woods